IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| GREGORY ZABUKOVEC, | ) | CASE NO.1:18-CV-02234 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

Before me[1] is an action by Gregory Zabukovec[2] seeking judicial review of the 2018 decision of the Commissioner of Social Security that denied Zabukovec's application for disability benefits and supplemental security income.[3] The issues have been briefed,[4] a transcript of the administrative proceedings has been filed,[5] and the parties have participated in a telephonic oral argument.[6] For the following reasons the matter will be remanded for further proceedings.

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10 at 11.
[4] ECF Nos. 14,15,18,19.
[5] ECF No. 10.
[6] ECF No. 22.

Zabukovec is a younger individual with a high school education who has past relevant work experience as a plating supervisor, production worker, security guard, and waste treatment attendant.[7] The ALJ found that Zabukovec's depression and generalized anxiety disorder are severe impairments.[8] The ALJ further found Zabukovec has an RFC that permits him to perform a full range of work at all exertional levels, but with non-exertional limitations that restrict him to "simple, routine-type work without fast-paced production demands for time or quality" and specifically to only "goal oriented work" that involved "superficial interaction" with the general public, coworkers and supervisors.[9]

This matter is somewhat distinctive in that the Zabukovec does not contest the RFC determination. Rather, the issue here is whether the VE's testimony was inherently confusing and that the ALJ, even when presented with the issue of such confusing testimony, did nothing to either acknowledge the issue or to remedy the confusion. At its core, the question is whether, given the alleged unaddressed confusion as to the VE's testimony, the resulting decision is supported by stated reasoning that is "discernible and defensible."[10]

The VE in this case was asked hypothetically if a functional restriction that limited a worker to only "occasional and superficial interaction" with others would preclude such

---

[7] ECF No. 10 at 28.
[8] *Id*. at 14.
[9] *Id*. at 17.
[10] *Atrium Med. Center v. Dept. of Health and Human Services*, 766 F.3d 560, 568 (6th Cir. 2014).

a worker from employment.[11] The VE responded that such a limitation would preclude Zabukovec from doing his past relevant work but would not preclude him from working as a laundry worker, a linen room attendant and[12] a cleaner II.

On cross-examination Zabukovec's counsel explored the term "occasional," which the Agency itself defines as "occurring from very little up to one-third of the time."[13] Counsel directly asked the VE if an individual was unable to interact with coworkers and supervisors for two-thirds of a work day would such a person be able to maintain employment.[14] The VE replied, "the answer is no."[15]

Zabukovec argues here, as he did both to the ALJ and to the Appeals Council, that the VE cannot at the same time support the position that, under the RFC, a person can perform the three named jobs but also testify that no jobs exist for anyone who cannot interact with supervisors or coworkers during two-thirds of a workday. Zabukovec notes that under the regulations, and common sense, an ALJ may not rely on evidence that is inconsistent with regulatory policy and definitions.[16] Moreover, where there is conflicting vocational testimony in the record, the ALJ must resolve the conflict and explain on the record how the matter was resolved.[17]

---

[11] Tr. at 77-78.
[12] *Id.*
[13] ECF No. 14 at 5 (citing SSR 83-10).
[14] Tr. at 127.
[15] *Id.*
[16] SSR 00-04.
[17] SSR 00-4p.

The ALJ here was made aware of the conflicting testimony but then did nothing to explain how the obvious conflict was resolved. Indeed, there is no record before me from which to determine if the issue here was just ignored.[18] As Zabukovec points out, this is no mere harmless error. It is the Agency's burden at Step Five to show that there is work he can perform under the RFC, and to support its decision by substantial evidence capable of meaningful judicial review.[19]

I find that the decision of the Commissioner here is not supported by substantial evidence capable of meaningful judicial review. That decision is, therefore, reversed and the matter remanded for further proceedings.

IT IS SO ORDERED.

Dated: September 26, 2019                             s/William H. Baughman Jr.
                                                      United States Magistrate Judge

---

[18] See, *Morris v. Sec'y of HHS*, 845 F.2d 326 (6th Cir. 1988).
[19] *Smith v. Comm'r of Social Security*, 482 F.3d 873 (6th Cir. 2007).